Annick M. Persinger (Bar No. 272996)
*apersinger@tzlegal.com*
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
Telephone: (510) 254-6808
Facsimile: (202) 973-0950

Sophia Goren Gold (Bar No. 307971)
*sgold@kalielgold.com*
**KALIELGOLD PLLC**
490 43rd Street, No. 122
Oakland, California 94609
Telephone: (202) 350-4783

*Counsel for Plaintiffs and the Proposed Classes*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH SHIPLEY and SHAUN HEROD, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC. and META PLATFORMS TECHNOLOGIES, LLC,<br><br>    Defendants. | Civil Case No.: 3:25-cv-03324-WHO<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>**CASE MANAGEMENT CONFERENCE**<br>Date: October 22, 2025<br>Time: 2:00 p.m.<br>Hon. William H. Orrick |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16-9, the Court's Order Setting Initial Case Management Conference and Deadlines, and this Court's Standing Orders, Plaintiffs Elizabeth Shipley and Shaun Herod ("Plaintiffs") and Defendants Meta Platforms, Inc. and Meta Platforms Technologies, LLC ("Meta" or "Defendants," and collectively with Plaintiffs, the "Parties") respectfully submit the following joint case management statement. In compliance with Rule 26(f), counsel for the respective Parties met and conferred via Zoom on September 30, 2025. The Parties set forth their position(s) on the following issues.

**1.      JURISDICTION AND SERVICE**

<u>Parties' Joint Statement</u>. Plaintiffs allege that this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy, Plaintiffs allege, exclusive of costs and interest, exceeds the sum of $5 million in the aggregate. Plaintiffs allege there are over 100 members of the proposed Classes that are known to exist. Plaintiffs further allege that at least one of the members of the proposed Classes is a citizen of a different state than Defendants.

All parties have been served. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. The Parties agree that there are no issues with personal jurisdiction at this time; nor are there issues with service of process.

**2.      FACTS**

<u>Plaintiffs' Statement</u>. Plaintiffs bring this action on behalf of consumers (nationwide, in California, and in New York) who purchased Meta Portal, Portal+, Portal TV, or Portal Go devices ("Meta Portal devices"). Plaintiffs allege that Defendants launched the Meta Portal as a smart display and video calling device in 2018, and over time, that Defendants rolled out four different models within the Meta Portal product line: the Meta Portal, Portal+, Portal TV, and Portal Go. First Am. Compl. ¶ 12, ECF No. 18 ("FAC"). The Meta Portal devices came equipped with numerous software applications, including videochatting applications such as Facebook Messenger, WhatsApp, Zoom, Facebook Live; workplace connectivity applications, including Workplace Live and Microsoft Teams; the "Hey Portal" voice command integrated through Amazon's Alexa function; music streaming services through applications like Spotify, Pandora, iHeartRadio, Tidal Music; video streaming through

Netflix, Amazon Prime Video, Showtime, CBS News, and ESPN; "Story Time"; a digital photo and video slideshow frame; special effects, such as background effects and masks available on Facebook Messenger video calls; and the Calendar and Microsoft Intune functions. *Id.* ¶¶ 13, 21. Plaintiffs allege that Defendants knew that access to these applications was important to consumers, but in spite of their promises that the Meta Portal devices would work with various "trusted apps," they announced in December 2022 that they would discontinue development and sale of the Meta Portal devices. *Id.* ¶¶ 13, 19-20. Soon after, they unilaterally began removing nearly every application it had advertised, as well as voice functionality, in early 2025, removing or soon planning to remove Zoom, Amazon "Alexa" voice assistant, "Hey Portal" voice assistant (all voice functionality), Facebook Live, Workplace Live, Microsoft Teams, Microsoft Intune, Spotify, StoryTime, Pandora, iHeartRadio, Tidal Music, Deezer, SideChef, BlueJeans, GoToMeeting, Webex, Red Bull TV, Watch Together, Facebook Watch, The Calendar, CCBS News, ESPN, Photo Booth, background effects and masks on Messenger video calls, and the MetaPortal App. *Id.* ¶¶ 19-21, 25. Plaintiffs allege that Defendants' unilateral decision to discontinue consumer access to these advertised applications (in other words, their "bricking" of the Meta Portal devices), significantly less useful to consumers. *Id.* ¶¶ 25-26.

        <u>Defendants' Statement.</u>  In 2018, Meta launched the Portal, a smart display and video calling device that offered a variety of first- and third-party applications (the "Applications") to consumers, including applications with video-calling and music and video streaming capabilities. Some of the Applications and features on the Portal require on-going technical and software support from Meta to function. The Portal came with a one-year limited consumer warranty from Meta (the "Warranty"). In the Warranty, Meta promised to "make and keep software and services available" on the Portal *during the one-year Warranty Period*. In the Supplemental Terms of Service, which were made available to users when they first activated their devices, Meta reserved the right to "impose limits on, suspend, eliminate, change or update certain existing features" on the devices. Meta also disclaimed all implied warranties in the Warranty and the Supplemental Terms of Service.

        Plaintiff Shipley purchased her Portal device in November 2020 directly from Meta. Plaintiff Herod purchased his Portal and Portal TV devices in or around March 2022 from Best Buy. While Plaintiffs allege they purchased their Portal devices after "being exposed to" online or TV

advertisements, Plaintiffs do not identify a single, specific advertisement or statement either of them saw (let alone relied upon) prior to purchasing their Portal devices.

Although Meta had hoped the Portal would be a commercial success, unfortunately that was not the case. In late 2022, Meta made the decision to discontinue the Portal due to its market performance. As it began the process of phasing out the Portal, Meta provided notice to customers in mid-2023 that it would continue to provide full software support for core Applications on the Portal until at least January 31, 2025, when it would begin to phase out software support for the device. In other words, Meta continued maintaining software support for these Applications for at least two years after it discontinued the device. By January 31, 2025, Ms. Shipley had owned and used her Portal for more than four years and Mr. Herod had owned and used his Portal devices for nearly three years—far exceeding the Warranty period for both Plaintiffs. Plaintiffs do not deny that for the years preceding the phaseout (and the entirety of the one-year warranty), they each had access to an array of Applications originally available on the Portal.

On April 14, 2025, Plaintiffs filed this lawsuit, alleging that Meta failed to disclose the possibility that it would stop providing software support for the Portal and asserting a host of false advertising, consumer protection, and even computer hacking claims. Plaintiffs' allegations cannot survive a motion to dismiss, which Meta filed on August 7, 2025.

Even if Plaintiffs' case were to survive a motion to dismiss, Plaintiffs will not be able to establish that the requirements of Rule 23 have been satisfied such that a class should be certified. Defendants believe that discovery will reveal several issues that render the case improper for class treatment, including, without limitation, that a whole host of individualized issues prevent common issues from predominating, including the circumstances of how each putative class member lost access to any of the applications and features at issue, which disclosures each putative class member received and viewed, and whether and how much each putative class member valued the applications and features at issue.

3.   **LEGAL ISSUES**

<u>Parties' Joint Statement</u>. The legal issues in this case will include, among others: (1) whether Plaintiffs have adequately pled each of their claims; (2) whether the proposed action can be maintained

3

as a class action (including whether the proposed Class meets the requirements of Rule 23(a), (b)(2), and (b)(3)); (3) whether Defendants are liable under any of the claims alleged in the First Amended Class Action Complaint; and (4) whether Plaintiffs are entitled to any damages, restitution, disgorgement, declaratory, injunctive and/or equitable relief as alleged in the First Amended Class Action Complaint.

4. **MOTIONS**

Parties' Joint Statement. Defendants moved to dismiss the First Amended Class Action Complaint. Defendants' Motion has been fully briefed and will be heard by this Court on October 22, 2025.

Plaintiffs' Statement. Plaintiffs anticipate filing a motion for class certification prior to the completion of discovery and a motion for summary judgment after discovery is completed. Plaintiffs further anticipate filing motions to exclude Defendants' experts under Federal Rule of Evidence 702.

Defendants' Statement. Should Plaintiffs' First Amended Class Action Complaint survive the Motion to Dismiss, Defendants intend to oppose Plaintiffs' motion for class certification and, if applicable, file a *Daubert* motion to exclude Plaintiffs' class certification expert by October 9, 2026, as outlined in the proposed case schedule below in Section 15. Defendants also anticipate bringing a motion for summary judgment, including, without limitation, on issues of liability and damages.

5. **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**

Plaintiffs' Statement. At this time, Plaintiffs do not anticipate adding any new parties to the case. Plaintiffs may seek leave to add additional plaintiffs/class representatives during the time permitted for amendments to the pleadings.

Defendants' Statement. Defendants are unaware of additional parties at this time. Per Fed. R. Civ. P. 15(a)(2), and as Plaintiffs have acknowledged in their statement above, Plaintiffs are required to seek Defendants' written consent or the court's leave to make any further amendments to their First Amended Class Action Complaint.

6. **EVIDENCE PRESERVATION**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f)

4

regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

### 7. INITIAL DISCLOSURES

The Parties will exchange Rule 26(a)(1) disclosures on November 12, 2025.

### 8. DISCOVERY

#### A. Status of Discovery

<u>Parties' Joint Statement</u>. No formal discovery has been conducted to date and no discovery deadlines have been established. The Parties have agreed to focus precertification discovery efforts on class certification issues, with the Parties reserving their right to conduct certain "clean up" discovery following a ruling on class certification. The Parties agree that such "clean up" discovery is intended to be limited in scope and will continue to confer regarding the scope of such discovery. The Parties agree any remaining fact discovery will be completed one month after the Court issues its ruling on Plaintiffs' class certification motion.

#### B. Scope of Discovery

<u>Plaintiffs' Statement</u>. Plaintiffs anticipate seeking documents and written discovery from Defendants relating to: Defendants' marketing of the Meta Portal devices, including marketing relating to the applications that will be available to Meta Portal device users and the functionality of the Meta Portal devices, and any market research regarding the same; Defendants' decision to omit at point-of-sale that it could and would unilaterally disable any and all applications available on the Meta Portal devices; Defendants' decision to discontinue the development and sale of the Meta Portal devices; Defendants' contracts over time with third parties regarding the applications available; Defendants' decision to discontinue Meta Portal device users' access to applications that had been available on the Meta Portal devices; complaints to Defendants regarding the discontinuation of applications; net and gross sales of the Meta Portal devices; and any contact information in Defendants' possession for the Proposed Classes.

<u>Defendants' Statement</u>. To the extent Plaintiffs' First Amended Class Action Complaint survives Defendants' Motion to Dismiss, Defendants anticipate seeking documents and written discovery from Plaintiffs relating to their experience with their Meta Portal devices, including but not

limited to: Plaintiffs' exposure to and understanding of Defendants' marketing and advertising of the Meta Portal devices; Plaintiffs' purchase of their Portal devices; Plaintiffs' knowledge and understanding of the Portal's one-year Warranty and Supplemental Terms of Service; Plaintiffs' use and enjoyment of the Portal device and its features; Plaintiffs' knowledge and experience regarding Meta's phaseout of the applications available on the Portal; Plaintiffs' communications with Meta about the Portal; and Plaintiffs' alleged damages incurred as a result of Meta's discontinuation of the Portal and phaseout of the applications available on the Portal.

### C. Limitations or Modifications of the Discovery Rules

*Parties' Joint Statement*. The Parties do not currently propose any changes to the limitations on discovery or discovery schedule provided by the Court, the Federal Rules of Civil Procedure, or Local Rules. The Parties reserve their rights to seek further modifications to limits on discovery.

### D. Protective Order

*Parties' Joint Statement*. The Parties anticipate submitting a stipulated protective order regarding the confidentiality and protection of discovery in this action.

### E. Electronic Discovery

*Parties' Joint Statement*. The Parties met and conferred pursuant to Fed. R. Civ. P. 26(f) and discussed the Court's Guidelines Relating to Discovery of Electronically Stored Information. The Parties anticipate submitting a stipulated ESI Protocol that will apply to discovery in this matter.

### F. Issues About Claims of Privilege

*Parties' Joint Statement*. The Parties propose that any disclosure of privileged material will be governed by Federal Rule of Civil Procedure 26(b)(5)(B), Federal Rule of Evidence 502(d) and the terms of the protective order to be agreed upon by the Parties.

## 9. CLASS ACTIONS

*Parties' Joint Statement*. Counsel for the Parties have reviewed the Procedural Guidance for Class Action Settlements.

*Plaintiffs' Statement*. Plaintiffs intend to file a motion for class certification. Plaintiffs seek to represent the following Classes:

<u>Nationwide Class</u>: All persons who reside in the United States who purchased a Meta Portal device.
<u>California Class</u>: All persons who reside in California who purchased a Meta Portal device.
<u>New York Class</u>: All persons who reside in New York who purchased a Meta Portal device.

This action is properly maintained as a class action under Federal Rule of Civil Procedure 23(a) and (b) as alleged in the First Amended Complaint. *See* FAC ¶¶ 49-57.

<u>Defendants' Statement</u>. Meta disputes that this action is maintainable on a class-wide basis and opposes certification of the putative classes Plaintiffs seek to represent.

**10.     RELATED CASES**

<u>Parties Joint Statement</u>. The Parties are not aware of any related cases or proceedings at this time.

**11.     RELIEF**

<u>Plaintiffs' Statement</u>. Plaintiffs seek an order certifying the proposed Class and an order awarding full restitution during the applicable statute of limitations, pre and post judgment interest, the cost of the suit herein, and attorneys' fees. Plaintiffs have not yet performed a computation of restitution in this case and will request documents in discovery to do so.

<u>Defendants' Statement</u>. Meta's position is that Plaintiffs are not entitled to any relief, this action cannot be maintained on a class-wide basis, and that the entire action should be dismissed with prejudice.

**12.     SETTLEMENT AND ADR**

<u>Parties' Joint Statement</u>. No settlement discussions have occurred at this time. The Parties agree that private mediation is the preferred ADR process, but believe it is premature to engage in ADR or settlement discussions at this time.

Per ADR L.R. 3-5, the Parties have read the handbook entitled "Dispute Resolution Procedures in the Northern District of California," available at www.adr.cand.uscourts.gov.

**13.     OTHER REFERENCES**

<u>Parties' Joint Statement</u>. At present, the Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 14. NARROWING OF ISSUES

Parties' Joint Statement. At present, the Parties are not aware of any issues that can be narrowed at this time. However, the Parties reserve their right to narrow issues, by agreement, where permitted by law.

### 15. SCHEDULING

Parties' Joint Statement. The Parties propose the below schedule:

| Event | Proposed Deadline |
|---|---|
| Motion to Dismiss Hearing | October 22, 2025 |
| Exchange of Initial Disclosures **Upon Stipulation** | November 12, 2025 |
| Motion for Class Certification and Class Certification Expert Reports | August 10, 2026 |
| Opposition to Class Certification, Opposing Class Certification Expert Reports, and *Daubert* Motions to Opening Class Certification Expert | October 9, 2026 |
| Reply in Support of Class Certification Motion, Reply Class Certification Expert Reports, and *Daubert* Motions to Opposing Class Certification Expert | December 4, 2026 |
| *Daubert* Motion to Plaintiffs' Reply Class Certification Expert | January 15, 2027 |
| Close of Fact Discovery | 1 month after Class Certification Ruling |
| Supplemental Experts Reports Due | 4 months after Class Certification Ruling |
| Supplemental Rebuttal Expert Reports Due | 6 months after Class Certification Ruling |
| Close of Expert Discovery | 45 days after Rebuttal Expert Reports due |

| Event | Proposed Deadline |
|---|---|
| Deadline to File Dispositive Motions and *Daubert* Motions | 9 months after Class Certification Ruling |
| Deadline to File Oppositions to Dispositive Motions and *Daubert* Motions | 10.5 months after Class Certification Ruling |
| Deadline to File Replies in Support of Dispositive Motions and *Daubert* Motions | 11.5 months after Class Certification Ruling |
| Last day to hear Dispositive Motions and *Daubert* Motions | 2 months after dispositive motions are fully briefed |
| Pre-trial Conference | 1 month after ruling on dispositive motion |
| Trial | 1 month after pre-trial conference |

**16.   TRIAL**

Parties' Joint Statement. The case will be tried by a jury, and Plaintiffs estimate that a trial in this case would last seven (7) to ten (10) court days (if a class is certified) but note that trial time will be affected depending on the nature and scope of the class.

**17.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs' Statement. Plaintiffs will file a Certificate of Interested Entities or Persons as required by Civil Local Rule 3-15.

Defendants' Statement. On October 1, 2025, Defendants filed its Corporate Disclosure Statement Pursuant to Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15 (Dkt. 27). Defendants' Corporate Disclosure Statement stated that, other than the named Defendants, there is no other interest or conflict to report.

**18.   PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

| | | |
|---|---|---|
| 1 | Dated: October 15, 2025 | */s/Annick M. Persinger* |

Dated: October 15, 2025            */s/Annick M. Persinger*
ANNICK M. PERSINGER (Bar No. 272996)
apersinger@tzlegal.com
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone: (510) 254-6808

SOPHIA GOREN GOLD (Bar No. 307971)
sgold@kalielgold.com
**KALIELGOLD PLLC**
490 43rd Street, No. 122
Oakland, CA 94609
Telephone: (202) 350-4783

JEFFREY D. KALIEL (Bar No. 238293)
Jkaliel@kalielpllc.com
**KALIELGOLD PLLC**
1100 15th Street NW, 4th Floor
Washington, DC 20005
Telephone: (202) 350-4783

*Attorneys for Plaintiffs and the Proposed Classes*

Dated: October 15, 2025            */s/Bambo Obaro*
BAMBO OBARO (Bar No. 267683)
bambo.obaro@weil.com
DAVID R. SINGH (Bar No. 300840)
david.singh@weil.com
MORGAN D. MACBRIDE (Bar No. 310248)
morgan.macbride@weil.com
SHIREEN LEUNG (Bar No. 334484)
shireen.leung@weil.com
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway, 4th Floor
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

*Attorneys for Defendants*

**ATTESTATION**

I, Annick M. Persinger, am the ECF User whose ID and password are being used to file the foregoing. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that counsel for Defendants concurred in this filing, and I shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.

Dated: October 15, 2025                                /s/ *Annick M. Persinger*
                                                        **TYCKO & ZAVAREEI LLP**
                                                        Annick M. Persinger

                                                        *Counsel for Plaintiffs*

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated:

                                                        Hon. William H. Orrick
                                                        UNITED STATES DISTRICT JUDGE

11
JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:25-CV-03324-WHO